JNK:hkp

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  **00-6202-CR-ROETTGER/Snow**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

vs.

**KENYA GREEN,**

    **Defendant.**



## GOVERNMENT'S RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This

response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is

numbered to correspond with Local Rule 88.10.

- A. 1. Attached, please find a copy of any written statements made by the defendant. An audio tape of statements made by the defendant is also included.

    2. That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached

    3. The defendant did not testify before the Grand Jury.

    4. The NCIC record of defendant is attached.

    5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties. The undersigned will tentatively set the date

for October 17, 2000 at 10:00 a.m. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A report analyzing and comparing the fingerprint sample provided by the defendant with the latent fingerprint found on one of the checks is attached.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I. The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  A latent fingerprint found on a check has been identified as that of the defendant. A copy of the latent fingerprint will be made available upon request to the undersigned.

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.  At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

The attachments to this response are numbered pages 1- 87. Please contact the undersigned Assistant United States Attorney if any pages are missing.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By:  _____
       Jeffrey N. Kaplan
       Assistant United States Attorney
       Court Bar No. A5500030
       500 E. Broward Boulevard, Suite 700
       Fort Lauderdale, Florida 33394
       Telephone: (954) 356-7255x3515
       Facsimile: (954) 356-7228
       E-Mail Address:Jeffrey.Kaplan@justice.usdoj.gov

cc:   USSS, S/A Bloodworth

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this ⁣day of October, 2000 to:

Patrick Hunt, AFPD
101 NE 3rd Avenue, Suite 201
Fort Lauderdale, Florida 33301

                                _____
                                Jeffrey N. Kaplan
                                Assistant United States Attorney